# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ULTRASOUND IMAGING CORPORATION,** * | |
| Plaintiff * | |
| * | |
| vs. * | Case No. **RWT 03-CV-3015** |
| * | |
| **THE AMERICAN SOCIETY OF BREAST SURGEONS, et al.,** * | |
| * | |
| Defendants * | |

## MEMORANDUM OPINION

On February 25, 2005, this Court entered summary judgment in this civil action in favor of the Defendants. On March 15, 2005, Defendants filed a timely Bill of Costs for deposition expenses totaling $3,078.12, and consisting of the following: $2,284.50 for an original copy of the transcript of the deposition of Mr. Larry Zaglin, plus $793.62 for a copy of the transcript of the deposition of Dr. Richard E. Fine. On June 17, 2005, the Clerk of this Court denied Defendants' request because the deposition transcript invoices were not itemized, and it was therefore not possible to ascertain whether the expenses were reasonable. Defendants now seek reconsideration of the Clerk's order. This Court grants Defendants' Motion to Reconsider in part and denies it in part, and holds that the appropriate award of costs is $2,098.85.

The rates at which original transcripts and transcript copies are customarily taxed in this District are $3.50 per page and $1.25 per page, respectively. Applying these rates to the two deposition transcripts in this case yields an award of $1,799.25: 428 pages $\times$ $3.50 per page = $1,498.00 for the original of Mr. Zaglin's transcript; 241 pages $\times$ $1.25 per page = $301.25 for the copy of Dr. Fine's transcript; $1,498.00 + $301.25 = $1,799.25.

However, Defendants were charged a 20% rush fee because Mr. Zaglin failed to appear for his scheduled deposition on March 31, 2004, forcing his deposition to be delayed until June 9, 2004, only a month before the dispositive pretrial motions deadline of July 9, 2004.  Because Mr. Zaglin was the Plaintiff's Rule 30(b)(6) designee, these additional costs are appropriately taxed to the Plaintiff.  If the 20% rush charge is calculated based on this Court's original transcript fee of $3.50 per page, this yields a total cost of $4.20 per page for Mr. Zaglin's transcript, or $1,797.60 for that transcript's 428 pages instead of the standard $1,498.00 calculated above.

In contrast, Defendants do not present any argument as to why Dr. Fine's transcript also needed to be rushed.  Thus, the standard-rate total of $301.25 is appropriate.  Accordingly, $301.25 for Dr. Fine's transcript, plus $1,797.60 for Mr. Zaglin's transcript, will be awarded in the total amount of $2,098.85.

Plaintiff's argument that "a deposition is not mandatory in the litigation of a case" and therefore "is not an expense that Plaintiff should have incurred," Opp. at 1, is without merit.  Mr. Zaglin's deposition was necessary in drafting Defendants' Motion for Summary Judgment, and indeed was cited extensively therein.  Plaintiff's additional arguments about inaccuracies in the deposition transcripts, though disturbing, are irrelevant to those transcripts' costs and are not properly considered here.

Thus, for the above-stated reasons, Defendants' Motion to Reconsider will, by separate order, be GRANTED IN PART and DENIED IN PART.  Also by separate order, Defendants will be awarded costs of $2,098.85.

|    8/26/05    |             /s/             |
|---|---|
| Date | ROGER W. TITUS |
|  | UNITED STATES DISTRICT JUDGE |